IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                   No. 2:12-cv-2316-MCE-EFB

    vs.

DONALD R. WHITMAN;
CYNTHIA L. CHERRY, formerly known as
CYNTHIA L. WHITMAN; WILLIAM
RYAN FOWLER, in his capacity as Trustee of
RUBY TRUST; WHITEWATER LLC;
STATE OF CALIFORNIA FRANCHISE
TAX BOARD;                     <u>ORDER</u>

    Defendants.

_____/

        Presently pending for hearing before the undersigned on March 27, 2013 is plaintiff's motion for default judgment against defendant Cynthia L. Cherry, formerly known as Cynthia L. Whitman ("Cherry") on Claims Two and Three of plaintiff's complaint. Dckt. No. 15; *see also* Dckt. No. 1 (Compl.). Although she was served with a copy of the motion for default judgment, *id.* at 4, Cherry did not file any opposition or statement of non-opposition to the motion, as required by Eastern District of Local Rule 230.[1] *See* E.D. Cal. L.R. 230(c) (providing that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served

---

[1] Nor did any of the other defendants, all of whom were served with the motion. Dckt. No. 15 at 4.

1

upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by March 13, 2013).  Because Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party," the March 27, 2013 hearing on the default judgment motion will be vacated.

Upon review of the default judgment motion, it appears that plaintiff has adequately established that the majority of the *Eitel* factors weigh in favor of default judgment against Cherry.  However, a review of the motion also reveals that plaintiff has not explained why default judgment should be entered against Cherry even though there are other defendants in this action and the preferred practice when default is entered against one defendant in a multi-defendant case is for the court to withhold granting default judgment until trial of the action on the merits against the remaining defendant.  *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.").  Here, plaintiff does not explain why default judgment is only sought against Cherry and/or why judgment should entered as to Cherry, even though other defendants remain.[2]  Nor does plaintiff explain why default judgment against Cherry should be granted on plaintiff's third claim for relief, even though that claim is brought against both Cherry and Donald R. Whitman jointly.

Accordingly, IT IS HEREBY ORDERED that:

1. The March 27, 2013 hearing on plaintiff's motion for default judgment against defendant Cherry is vacated pursuant to Local Rule 230(c) and (g).

---

[2] Default has been entered against defendants Fowler, Whitewater LLC, and Donald R. Whitman, Dckt. No. 11, but plaintiff has not requested default judgment against them.  Also, defendant State of California Franchise Tax Board has answered and has not been dismissed, Dckt. No. 7.

    2.  On or before April 8, 2013, plaintiff shall file a supplemental brief indicating why there is no just reason to delay the entry of default judgment as to Cherry until plaintiff's claims against the other defendants have been resolved, and shall serve a copy of the supplemental brief on all defendants.

    3.  Any response to plaintiff's supplemental brief shall be filed on or before April 15, 2013.

    4.  On or before March 26, 2013, plaintiff shall serve a copy of this order on all defendants who have not yet appeared in this action.

DATED:  March 25, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3