IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,                        No. 2:12-cv-2316-MCE-EFB

       vs.

DONALD R. WHITMAN;
CYNTHIA L. CHERRY, formerly known as
CYNTHIA L. WHITMAN; WILLIAM
RYAN FOWLER, in his capacity as Trustee of
RUBY TRUST; WHITEWATER LLC;
STATE OF CALIFORNIA FRANCHISE
TAX BOARD;                        FINDINGS AND RECOMMENDATIONS

       Defendants.

_____/

      This case was referred to the undersigned pursuant to Eastern District of California Local

Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for entry of default

judgment against defendant Cynthia L. Cherry, formerly known as Cynthia L. Whitman

("Cherry") on Claims Two and Three of plaintiff's complaint.  Dckt. No. 15; *see also* Dckt. No.

1 (Compl.).  Although she was served with a copy of the motion for default judgment, *id.* at 4,

Cherry did not file any opposition or statement of non-opposition to the motion, as required by

////

////

1

Eastern District of Local Rule 230.[1]  *See* E.D. Cal. L.R. 230(c) (providing that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date).[2] For the reasons that follow, the court recommends that plaintiff's application for entry of default judgment be granted.

I.     BACKGROUND

On September 10, 2012, plaintiff filed a complaint to reduce tax assessments against Donald R. Whitman, Cynthia L. Cherry, formerly known as Cynthia L. Whitman, and against Donald R. Whitman and Cynthia L. Whitman jointly to judgment and to foreclose federal tax liens.  Compl., Dckt. No. 1.  The complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. (Internal Revenue Code) §§ 7402 and 7403.  *Id.* ¶ 3.

////

////

---

[1] Nor did any of the other defendants, all of whom were served with the motion.  Dckt. No. 15 at 4.

[2] In light of Cherry's failure to respond to the motion, on March 25, 2013, the undersigned issued an order vacating the hearing on the default judgment motion.  Dckt. No. 18 at 2 (citing E.D. Cal. L.R. 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.")). The March 25, 2013 order further provided that although a review of the default judgment motion indicated that the majority of the *Eitel* factors weigh in favor of default judgment against Cherry, "a review of the motion also reveals that plaintiff has not explained why default judgment should be entered against Cherry even though there are other defendants in this action and the preferred practice when default is entered against one defendant in a multi-defendant case is for the court to withhold granting default judgment until trial of the action on the merits against the remaining defendant."  *Id.* (citing Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.")).  Because plaintiff had not explained why default judgment was only sought against Cherry and/or why judgment should be entered as to Cherry even though other defendants remain, and did not explain why default judgment against Cherry should be granted on plaintiff's third claim for relief, even though that claim is brought against both Cherry and Donald R. Whitman jointly, plaintiff was directed to file a supplemental brief addressing those issues.  *Id.* at 3.  Plaintiff did so on April 2, 2013.  Dckt. No. 20.  No response was filed to that brief, even though the March 25, 2013 order authorized such a response.

1    Venue is proper in this district pursuant to 28 U.S.C. § 1396 because defendants' 2004 joint

2    federal income tax return was filed within this judicial district and because the federal tax

3    liabilities at issue arose in this judicial district.  *Id.* ¶ 4.

4            Defendants Donald R. Whitman and Cynthia L. Whitman, also known as Cindy Cherry

5    ("taxpayers") have been assessed, both separately and jointly, with unpaid federal income taxes.

6    *Id.* ¶ 5.  Plaintiff's second claim for relief seeks to reduce to judgment federal tax assessments

7    individually against Cherry for tax periods 1997 and 1999 in the amount of $30,937.85 plus

8    statutory interest and other statutory additions that continue to accrue as provided by law.[3]  *Id.*

9    ¶¶ 23-25.  Plaintiff contends that on November 24, 2003, a duly authorized delegate of the

10   Secretary of Treasury made timely federal tax assessments against Cherry for federal income

11   taxes (Form 1040), penalties, and other statutory additions.  *Id.* ¶ 23.  Timely notice of and

12   demand for payment of those assessments has been given to Cherry as required by Section 6303

13   of the Internal Revenue Code.  *Id.* ¶ 24.  Despite notice and demand for payment of the

14   assessments, Cherry has neglected, refused, or failed to pay the tax assessments against her and,

15   calculated to September 2, 2012, there remains due and owing to the United States on those

16   assessments the total sum of $30,937.85, plus statutory interest and other statutory additions that

17   continue to accrue as provided by law.  *Id.* ¶ 25.

18           The third claim for relief seeks to reduce to judgment federal tax assessments jointly

19   against Donald R. Whitman and Cherry for tax year 2004 in the amount of $2,324.39 plus

20   _____

21           [3] Plaintiff's first claim for relief seeks to reduce to judgment federal tax assessments
     individually against Donald R. Whitman in the amount of $477,224.41 plus statutory interest and
22   other statutory additions that continue to accrue as provided by law.  Compl. ¶¶ 18-21.  The
     fourth claim seeks to establish that the Ruby Trust is a sham trust, *id.* ¶¶ 30-36, and the fifth
23   claim seeks to establish that Whitewater, LLC is the alter ego, nominee, or fraudulent transferee
     of the taxpayers, *id.* ¶¶ 37-42.  The sixth claim seeks to establish that Cynthia Whitman, a.k.a.
24   Cindy Cherry, is the alter ego, nominee, or fraudulent transferee of Donald Whitman, *id.* ¶¶ 43-
     45, and the seventh claim seeks to set aside the fraudulent transfers of the Subject Properties.  *Id.*
25   ¶¶ 46-50.  Finally, the eighth claim for relief seeks to foreclose federal tax liens against the
     subject properties and to obtain an order for judicial sale.  *Id.* ¶¶ 51-59.  However, plaintiff does
26   not seek default judgment on any of those claims.

statutory interest and other statutory additions that continue to accrue as provided by law.  *Id*. ¶¶ 26-29.  Plaintiff contends that on May 30, 2005, a duly authorized delegate of the Secretary of Treasury made a timely federal tax assessment against Whitman and Cherry for federal income taxes (Form 1040), penalties, and other statutory additions.  *Id*. ¶ 27.  Timely notice of and demand for payment of those assessments has been given to Whitman and Cherry as required by Section 6303 of the Internal Revenue Code.  *Id*. ¶ 28.  Despite notice and demand for payment of the assessments, Whitman and Cherry have neglected, refused, or failed to pay the tax assessments against them and, calculated to September 2, 2012, there remains due and owing to the United States on those assessments the total sum of $2324.39, plus statutory interest and other statutory additions that continue to accrue as provided by law.  *Id*. ¶ 29.

On December 31, 2012, plaintiff filed a summons returned executed as to defendant Cherry, indicating that service was effected on December 6, 2012, by leaving a copy of the complaint and summons at defendant's dwelling house or usual place of abode at 905 North Pine Street in Truth or Consequences, New Mexico with a person of suitable age and discretion then residing therein (Jerry Trumbull).  Dckt. No. 12.  Cherry failed to respond to the complaint and, on December 31, 2012, plaintiff requested entry of Cherry's default.  Dckt. No. 13.  That default was entered on January 3, 2013.  Dckt. No. 14.  On February 22, 2013, plaintiff moved for default judgment against Cherry, Dckt. No. 15, and mail served a copy of the motion on Cherry, Dckt. No. 15 at 4.

Plaintiff seeks a default judgment against Cherry as to Counts Two and Three of the complaint.  Specifically, plaintiff seeks a judgment as to Count Two in the amount of $30,937.85 for her 1997 and 1999 individual income tax liabilities, and a judgment as to Count Three in the amount of $2,324.39 for her 2004 joint federal income tax liabilities, calculated to March 1, 2013.  *Id*. at 2.

////

////

4

II.    <u>DISCUSSION</u>

    A.    <u>Default Judgment Standard</u>

It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc*., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc*., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Additionally, while the factual allegations of the complaint are taken as true upon default, damages are not. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Where damages are liquidated (i.e., capable of ascertainment from definitive figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc*., 722 F.2d 1319, 1323-24 (7th Cir. 1983); *see also James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

////

1     B.     Application of the *Eitel* Factors

2            1.     Possibility of Prejudice to Plaintiff

3            As Cherry has not answered the complaint or otherwise participated in this action,

4     plaintiff will suffer prejudice if default judgment is not entered.  In particular, plaintiff's ability

5     to collect the outstanding tax liabilities will be jeopardized if a judgment is not entered against

6     Cherry.

7            2.     Merits of Substantive Claims and Sufficiency of the Complaint

8            The complaint's allegations are sufficient to establish that (1) timely assessments were

9     made against Cherry for unpaid federal income taxes for 1997 and 1999, and against Cherry and

10    Donald Whitman for unpaid federal income taxes for 2004, as well as penalties and interest; (2)

11    proper notice was given and demand for payment made; and (3) Cherry has not fully paid the

12    assessments and accrued interest and penalties.  Compl. ¶¶ 23-29.  As to Cherry's liability, the

13    allegations of the complaint are taken as true.

14           As to damages, plaintiff has submitted the Certificates of Assessments, Payment and

15    Other Specified Matters ("Forms 4340") for the tax periods at issue demonstrating the amount

16    due and owing from Cherry.  Lyons Decl. ¶¶ 5-8, Exs. 1-3.  Forms 4340 are the appropriate

17    means of establishing an assessment, and they show that the tax liabilities were properly

18    assessed, that notices and demand for payment were sent and that Cherry is presumptively liable

19    for the unpaid taxes, interest, penalties and other statutory additions.  *Hughes v. United States*,

20    953 F.2d 531, 540 (9th Cir. 1992); *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) ("It is

21    settled in this circuit that [Forms 4340] are 'probative evidence in and of themselves and, in the

22    absence of contrary evidence, are sufficient to establish that . . . assessments were properly

23    made'").  Additionally, Mr. Lyons' declaration establishes that the assessments for 1997, 1999,

24    and 2004 reflect a balance of $33,750.10 as of March 1, 2013.  Lyons Decl. ¶¶ 5-8, Exs. 4-6.

25    ////

26    ////

6

### 3.  Remainder of *Eitel* Factors

The remaining *Eitel* factors support entry of default judgment: (1) there is no dispute concerning material facts because Cherry has not answered and default has been entered; (2) there is no evidence that Cherry's default was due to excusable neglect; and (3) policy considerations should not permit plaintiff to be negatively affected by Cherry's failure to defend the claims against her.  *See, e.g., Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).  Therefore, the court finds that the *Eitel* factors weigh in favor of granting the motion for default judgment.

### C.    Application of Federal Rule of Civil Procedure 54(b)

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Because plaintiff originally had not explained why entry of a default judgment was only sought against Cherry and/or why judgment should be entered as to Cherry only, even though other defendants and other claims remain in the action, and did not explain why default judgment against Cherry should be granted on plaintiff's third claim for relief, even though that claim is brought against both Cherry and Donald R. Whitman jointly, the court directed plaintiff to file a supplemental brief addressing those issues.  Dckt. No. 18.

In its supplemental brief, plaintiff argues that "[a]lthough there are remaining claims at issue in this litigation, all parties have defaulted . . . [and] counsel for the United States is endeavoring to bring default judgment motions against all remaining defendants in the near future."[4]  Dckt. No. 20 at 5.  Plaintiff contends, however, that it is appropriate to enter judgment

---

[4] Plaintiff's counsel contends that it has not yet moved for default judgment against Donald Whitman because his unpaid taxes "are significantly larger and cover a much longer span of time."  Dckt. No. 20 at 3.

1   against Cherry as to Counts Two and Three now, because Count Two applies only to Cherry and

2   both Cherry and Whitman are jointly and severally liable under Count 3, making default

3   judgment against Cherry appropriate. *Id.* at 4-5.

4          Plaintiff is correct that with respect to Count Two and tax years 1997 and 1999, Cherry's

5   liabilities are her own, and a judgment against her would not affect a future judgment against any

6   other defendants.  Therefore, the court finds that there is no just reason to delay entry of

7   judgment as to Count Two of the complaint.  Additionally, because any liability under Count

8   Three would be joint and several, and plaintiff has established that Cherry is liable on that count,

9   the court also finds that there is no just reason to delay entry of judgment as to Count Three of

10  the complaint.[5]  *See In re Uranium Antitrust Litigation*, 617 F. 2d 1248, 1257 (9th Cir. 1980)

11  (noting that where liability is joint and several, "a successful plaintiff may look to any one of the

12  defendants for full satisfaction.").

13  III.    <u>CONCLUSION</u>

14          Based on the foregoing findings, IT IS HEREBY RECOMMENDED that:

15          1.  Plaintiff's motion for default judgment against defendant Cynthia L. Cherry, formerly

16  known as Cynthia L. Whitman, on Counts Two and Three of plaintiff's complaint be granted;

17          2.  As to Count Two of the complaint, default judgment be entered in favor of the United

18  States and against Cherry in the amount of $30,937.85 for Cherry's individual income tax

19  liabilities, plus interest as provided by 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621 from March 1,

20  2013; and

21  ////

22  ////

23  ////

24  ////

25

26          [5] Plaintiff does acknowledge that it "may only collect the full assessed liability once,
    [but] it can do so from either party."  Dkct. No. 20 at 5.

3.  As to Count Three of the complaint, default judgment be entered against Cherry in the amount of $2,324.39 for Cherry's 2004 joint federal income tax liabilities, plus interest as provided by 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621 from March 1, 2013.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE