IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DONALD R. WHITMAN; CYNTHIA L. CHERRY, formerly known as CYNTHIA L. WHITMAN; WILLIAM RYAN FOWLER, in his capacity as Trustee of RUBY TRUST; WHITEWATER LLC; STATE OF CALIFORNIA FRANCHISE TAX BOARD;

Defendants.
_____________________________________/

No. 2:12-cv-2316-MCE-EFB

ORDER AND
FINDINGS AND RECOMMENDATIONS

This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for entry of default judgment against defendants Donald R. Whitman, William Ryan Fowler, in his capacity as Trustee of the Ruby Trust, Whitewater LLC, and Cynthia L. Cherry, formerly known as Cynthia L. Whitman. ECF No. 22; *see also* ECF No. 1 (Compl.). A hearing was held on the motion on July 10, 2013. Attorney Colin Sampson appeared telephonically on behalf of plaintiff; no

/////

/////

appearances were made on behalf of any of the defendants.[1] The State of California Franchise Tax Board filed a statement of non-opposition to the motion for default judgment, ECF No. 27, but none of the other defendants, all of whom were served with a copy of the motion, filed any opposition or statement of non-opposition to the motion, as required by Eastern District of Local Rule 230.[2] *See* E.D. Cal. L.R. 230(c) (providing that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date). For the reasons that follow, the court recommends that plaintiff's application for entry of default judgment be granted.

I. BACKGROUND

On September 10, 2012, plaintiff filed a complaint against Donald R. Whitman, Cynthia L. Cherry, formerly known as Cynthia L. Whitman, and against Donald R. Whitman and Cynthia L. Whitman jointly to reduce tax assessments to judgment and to foreclose federal tax liens. Compl., ECF. No. 1. The complaint also named William Ryan Fowler, in his capacity as Trustee of Ruby Trust, Whitewater LLC, and the State of California Franchise Tax Board as defendants because they may claim some right, title, or interest in the real property that is the subject of this action. *Id.* ¶¶ 6-8.

---

[1] At the July 10, 2013 hearing, the undersigned raised concerns with plaintiff about any impact an entry of default judgment may have on the State of California Franchise Tax Board ("FTB"). Therefore, the hearing on the motion was continued to July 31, 2013, and the FTB was ordered to appear at that hearing. ECF No. 26. However, on July 11, 2013, the FTB filed a statement of non-opposition to the motion. ECF No. 27. Accordingly, the July 31, 2013 hearing will be vacated.

[2] The undersigned previously recommended the entry of default judgment against defendant Cynthia Cherry, formerly known as Cynthia Whitman, on Counts Two and Three of plaintiff's complaint. ECF No. 21. The court stated that because any liability under Count Three would be joint and several, and plaintiff had established that Cherry is liable on that count, there was no just reason to delay entry of judgment as to Count Three of the complaint. *Id.* at 8. The court noted that plaintiff acknowledged, however, that it "may only collect the full assessed liability once, [but] it can do so from either party." *Id.* at 8, n.5 (quoting ECF No. 20 at 5). Those findings and recommendations are currently pending before the assigned district judge.

The complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. (Internal Revenue Code) §§ 7402 and 7403. *Id.* ¶ 3. Venue is proper in this district pursuant to 28 U.S.C. § 1396 because defendants' 2004 joint federal income tax return was filed within this judicial district and because the federal tax liabilities at issue arose in this judicial district. *Id.* ¶ 4.

Defendants Donald R. Whitman and Cynthia L. Whitman, also known as Cindy Cherry ("taxpayers") have been assessed, both separately and jointly, with unpaid federal income taxes. *Id.* ¶ 5. Defendants William Ryan Fowler, in his capacity as Trustee of Ruby Trust; Whitewater, LLC; and State of California Franchise Tax Board were made parties to the action because they may claim some right, title, or interest in the real property that is the subject of this action. *Id.* ¶¶ 6-8. The real property that is the subject of this foreclosure action ("Subject Property") consists of six adjoining parcels of real property commonly referred to as "4276, 4304, and 4358 Quincy-La Porte Road." *Id.* ¶ 9. On August 9, 2000, Donald R. Whitman and Cynthia L. Cherry, then husband and wife, acquired the Subject Property for $150,000 cash and titled the Subject Property in the name of Ruby Trust. *Id.* ¶ 10. Ruby Trust paid no consideration for the Subject Property. *Id.* ¶ 11. On November 29, 2005, the Subject Property was transferred to Defendant Whitewater LLC. *Id.* ¶ 12. Whitewater LLC paid no consideration for the Subject Property. *Id.* ¶ 13. Defendants William Ryan Fowler, as Trustee of the Ruby Trust, and Whitewater LLC are alter egos, nominees, or transferees of Defendants Donald R. Whitman and Cynthia L. Cherry, a.k.a. Cynthia Whitman. *Id.* ¶ 14.

On February 9, 2012, the Internal Revenue Service recorded Notices of Federal Tax Liens with the Plumas County Clerk and Recorder against Cynthia Whitman, a.k.a. Cindy Cherry as the nominee, alter ego, or transferee of Donald Whitman of the Subject Property for federal income taxes assessed against Donald Whitman, and against Whitewater, LLC as the nominee or transferee of Cynthia Cherry, a.k.a. Cynthia Whitman, of the Subject Property for federal income taxes assessed against Cynthia Cherry, a.k.a. Cynthia Whitman. *Id.* ¶¶ 15, 17.

Plaintiff's first claim for relief seeks to reduce to judgment federal tax assessments individually against Donald R. Whitman in the amount of $477,224.41 plus statutory interest and other statutory additions that continue to accrue as provided by law. *Id.* ¶¶ 18-21. The second claim for relief seeks to reduce to judgment federal tax assessments individually against Cynthia L. Cherry. *Id.* ¶¶ 23-25. The third claim for relief seeks to reduce to judgment federal tax assessments jointly against Donald R. Whitman and Cynthia L. Cherry in the amount of $2,324.39. *Id.* ¶¶ 26-29. The fourth claim for relief seeks to establish that the Ruby Trust is a sham trust, *id*. ¶¶ 30-36, and the fifth claim for relief seeks to establish that Whitewater, LLC is the alter ego, nominee, or fraudulent transferee of the taxpayers, *id.* ¶¶ 37-42. The sixth claim for relief seeks to establish that Cynthia Whitman, a.k.a. Cindy Cherry, is the alter ego, nominee, or fraudulent transferee of Donald Whitman. *Id.* ¶¶ 43-45. The seventh claim for relief seeks to set aside the fraudulent transfers of the Subject Property. *Id.* ¶¶ 46-50. Finally, the eighth claim for relief seeks to foreclose federal tax liens against the Subject Property and to obtain an order for judicial sale. *Id.* ¶¶ 51-59.

On October 18, 2012, plaintiff filed a summons returned executed as to defendant Whitewater LLC, indicating that service was effected on October 3, 2012 by serving Judy Best, as the authorized agent for service on Whitewater LLC. ECF No. 5. On November 16, 2012, plaintiff filed a summons returned executed as to defendant William Ryan Fowler, as Trustee of the Ruby Trust, indicating that Mr. Fowler was personally served on November 7, 2012. ECF No. 8. On December 4, 2012, plaintiff filed a summons returned executed as to defendant Donald Whitman, indicating that Mr. Whitman was personally served on November 8, 2012. ECF No. 9. Then, because those defendants all failed to respond to the complaint, on December 4, 2012, plaintiff requested entry of default against them, ECF No. 10, which was entered on December 4, 2012, ECF No. 11. On June 7, 2013, plaintiff moved for default judgment against Mr. Whitman, Whitewater LLC, and William Ryan Fowler, as Trustee of the Ruby Trust, ECF No. 22, and mail served a copy of the motion on all defendants, *id.* at 4.

The United States seeks a default judgment against Donald R. Whitman as to Counts One and Three of the United States' complaint. The United States seeks a judgment as to Count One in the amount of $486,853.17 for Mr. Whitman's 1996 through 2001 individual income tax liabilities, and a judgment as to Count Three in the amount of $2,369.81 for his 2004 joint federal income tax liabilities, calculated to May 31, 2013. In addition, the United States seeks a default judgment against defendant William Ryan Fowler, in his capacity as Trustee of Ruby Trust and against Whitewater, LLC as to Count Five of the complaint, as these entities are the nominees, alter egos, and/or fraudulent transferees of the Whitmans with respect to the Subject Property. The United States requests entry of judgment against Cynthia Whitman as to Count Six of the complaint, as Cynthia Cherry is the nominee, alter ego, and fraudulent transferee of Donald Whitman with respect to the Subject Property. In the alternative to the relief sought in Counts Four through Six, the United States requests that the court enter judgment for the United States as to Count Seven and set aside the fraudulent transfers of the Subject Property to Ruby Trust, Whitewater, LLC, and to Cynthia Cherry. ECF No. 22 at 2-3.

II. DISCUSSION

A. Default Judgment Standard

It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v.*

/////

*Castworld Products, Inc*., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc*., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Additionally, while the factual allegations of the complaint are taken as true upon default, damages are not. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Where damages are liquidated (i.e., capable of ascertainment from definitive figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc*., 722 F.2d 1319, 1323-24 (7th Cir. 1983); *see also James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

B. Application of the *Eitel* Factors

The court finds that the majority of the *Eitel* factors support the requested default judgment against defendants Donald Whitman, Fowler, and Whitewater LLC. Specifically, (1) as defendants Donald Whitman, William Ryan Fowler, Trustee of Ruby Trust, and Whitewater, LLC, as well as defendant Cynthia Cherry, have not answered the complaint or otherwise participated in this action, plaintiff will suffer prejudice if default judgment is not entered. In particular, plaintiff's ability to collect the outstanding tax liabilities will be jeopardized if a judgment is not entered against those defendants. Also, factors (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, and (5) the possibility of a dispute concerning the material facts all favor entry of default judgment since the complaint sufficiently alleges facts supporting the causes of action on which it seeks default judgment (see discussion below), and the factual allegations of the complaint are taken as true on default. Further, factor

(6) favors default judgment since defendants' defaults were not due to excusable neglect.[3] Although (4) the sum of money at stake in the action is significant and (7) there is a strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, those factors do not preclude entry of default judgment here. *See, e.g.*, *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Therefore, the court finds that the *Eitel* factors weigh in favor of granting the motion for default judgment.

C. Entitlement to Relief Requested

1. Counts One and Three Against Donald Whitman

The United States seeks (1) a default judgment against Whitman as to Count One in the amount of $486,853.17 for defendant Whitman's 1996 through 2001 individual income tax liabilities, plus interest as provided by 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621 from May 31, 2013; and (2) a default judgment against Whitman as to Count Three in the amount of $2,369.81 for defendant Whitman's 2004 joint federal income tax liabilities, plus interest as provided by 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621 from May 31, 2013. As plaintiff's motion for default judgment notes, the allegations in the complaint concerning Mr. Whitman's tax liabilities are supported by the record in this case. When assessing damages, the court must review the record and, if necessary, make a further factual inquiry to establish the amount the plaintiff is entitled to recover. *See Pope v. United States*, 323 U.S. 1 (1944); *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 660 (S.D. Cal. 1997). In an action to collect federal taxes, the government bears the initial burden of proof. *Palmer v. Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir. 1997). That burden can be satisfied through introduction of proof of the tax assessments,

/////

/////

[3] In fact, plaintiff's counsel states that after defendants were served with the complaint and summons, Mr. Whitman contacted him, demonstrating an awareness of the pendency of this action.

which are entitled to a presumption of correctness. *See United States v. Molitor*, 337 F.2d 917, 922 (9th Cir. 1964); *Oliver v. United States*, 921 F.2d 916, 920 (9th Cir. 1990), *United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994).

The federal income tax assessments for the tax years at issue are set forth in the Form 4340, Certificate of Assessments, Payments, and Other Specified Matters. Lyons Decl. ¶ 12; Ex. 24-30. The Forms 4340 constitute a proper means of establishing the facts of the administrative assessment and notice and demand for payment, specifically (1) that the assessments were properly made pursuant to 26 U.S.C. §§ 6201-03; (2) that notices and demand for payment of the liabilities were properly sent as required under 26 U.S.C. §§ 6303(a), 6321; and (3) that defendant is liable for the unpaid balance of taxes, penalties, interest, and other statutory additions shown on the Forms 4340. *See Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) ("It is settled in this circuit that [Forms 4340] are probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made"); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (Forms 4340 are proof that proper notices are sent); *Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1991).

Here, the United States has sufficiently alleged, and also substantiated, its request for default judgment against Donald Whitman. The complaint, along with the Forms 4340 submitted with the default judgment motion, establish the dates, amounts, and bases for the tax and penalty assessments against Mr. Whitman.[4] The United States has identified the tax assessments at issue in its complaint, and it has alleged that Mr. Whitman has neglected, refused, or failed to pay the assessments despite proper notice and demand for payment by the IRS under 26 U.S.C. § 6303. Compl. ¶¶ 25, 29. The allegations in the complaint are sufficient to establish

[4] In addition to the Forms 4340, the United States attached Exhibits 15 and 16, which consist of two Notices of Deficiency and Explanation of Adjustments to Defendant's federal income tax liabilities for 1997 and 1999 which were issued to Defendant. *See* Lyons Decl. ¶ 18; Exs. 15-16.

that Mr. Whitman owes over $489,000.00 in unpaid federal income tax liabilities, penalties, and interest for 1996 through 2001, and 2004. Moreover, the supporting documents attached to the Declaration of IRS Revenue Officer Tim W. Lyons provide more than the minimal evidentiary foundation required for the presumption of correctness to attach to the Forms 4340. The assessments at issue were based on income reported to IRS from third parties that paid defendant and reported those payments to the Internal Revenue Service. In 1996, Donald Whitman was paid taxable wages of at least $56,356.15 from two sources, capital gains of at least $2,760.31 from two sources, and taxable dividends of at least $375.27 from two sources. *See* Sampson Decl., ¶¶ 3-6; Exs. 1-4. During 1997, Mr. Whitman earned taxable capital gains of at least $487.06. *Id.* ¶ 7; Ex. 5. During 1998, Mr. Whitman received taxable nonemployee compensation of at least $1,349.01, taxable capital gains of at least $294.93, and dividends of at least $1.59. *Id.* ¶¶ 8-9; Exs. 6-7. During 1999, Mr. Whitman earned taxable nonemployee compensation of at least $6,581.47, taxable capital gains of at least $338.20, and dividends of at least $430.92. *Id.* ¶¶ 10-11; Exs. 8-9. During 2000, Mr. Whitman received taxable nonemployee compensation of at least $30,431.42. *Id.* ¶ 12; Ex. 10. During 2001, Mr. Whitman received $425,000.00 from the sale of real property and nonemployee compensation of at least $15,226.67.[5] *Id.* ¶¶ 13-14; Lyons Decl. ¶ 6; Exs. 11-13. Mr. Whitman filed a joint 2004 income tax return reporting taxes due of $1,368.00, and evidence shows that he earned taxable wages of at least $1,228.00 and contributed at least $3,500.00 to an Individual Retirement Account during 2004. Lyons Decl. ¶¶ 9-10; Exs. 16-17. However, only $95.00 was credited to Mr. Whitman's joint 2004 federal income tax liabilities. Ex. 30 at 3. Thus, the Internal Revenue Service's assessments in this matter are supported by a factual foundation and are entitled to a presumption of correctness.

/////

[5] Additionally, in 2001, Mr. Whitman held an IRA with a fair market value of $145,247.00. *See* Lyons Decl. ¶ 7; Ex. 14.

Therefore, the United States is entitled to the amount sought against Mr. Whitman on Count One ($486,853.17) based on a failure to pay as of May 31, 2013, and the United States is also entitled to the amount sought against Mr. Whitman on Count Three ($2,369.81) based on a failure to pay as of May 31, 2013. It is once again noted, however, that since defendants Whitman and Cherry are jointly and severally liable for that amount, the United States can only collect it once, from either party.

The United States also seeks judgment for accrued, but unassessed, interest pursuant to 26 U.S.C. §§ 6601 and 6621(a)(2), and accrued but unassessed failure to pay tax penalties pursuant to 26 U.S.C. § 6651. Pursuant to those statutes, the United States is entitled to both interest and failure to pay penalties. The actual interest that accrued in this case is established by the Declaration of Internal Revenue Service Revenue Officer Tim W. Lyons. Lyons Decl. ¶¶ 14-16. Mr. Lyons is a Revenue Officer for the Internal Revenue Service, and he has calculated the interest accrued with respect to the liabilities at issue in this suit through May 31, 2013. *Id.* ¶¶ 14-16; Ex. 32. As documented in the Lyons Declaration, the total amount due calculated through May 31, 2013 is $489,222.98. *Id.* ¶ 15. Accordingly, the United States is entitled to a judgment in that amount, plus interest and other statutory additions from May 31, 2013. Until payment is received, interest continues to be compounded daily pursuant to 26 U.S.C. § 6622.

Therefore, the United States is entitled to a default judgment against Mr. Whitman in the amounts stated above, plus accrued statutory interest and additions, compounded daily as required by 26 U.S.C. § 6622, less any payments or credits, until paid in full.

2. <u>Count Seven to Set Aside the Fraudulent Transfers of the Subject Property to Ruby Trust, Whitewater, LLC, and Cynthia Cherry</u>

The United States also requests that the court enter judgment for the United States as to Count Seven and set aside the fraudulent transfers of the Subject Property to Ruby Trust,

/////

Whitewater, LLC, and to Cynthia Cherry.[6] ECF No. 22 at 2-3. The United States alleges facts in its complaint that are taken as true on default, and supports those allegations with evidence filed in connection with its motion for default judgment, which are sufficient to demonstrate that plaintiff is entitled to that judgment. Specifically, plaintiff establishes:

1. In June 2000, while the Whitmans' unpaid individual income tax liabilities were accruing, Cynthia Whitman created the Ruby Trust, which she and Donald Whitman controlled. Lyons Decl. ¶ 18; Ex. 33.

2. Cynthia Whitman held all of the "certificate units" for the Ruby Trust. *Id.* ¶ 18; Ex. 33 at 5. Donald Whitman was listed as the General Manager of the Ruby Trust and signed checks in the name of the Ruby Trust, including for state taxes. *Id.* ¶¶ 18, 19; Exs. 33, 34.

3. In August 2000, Donald and Cynthia Whitman bought the Subject Property of this action in Quincy, California for $150,000.00 in cash. *Id.* ¶ 19; Ex. 35. A Grant Deed was recorded in September 2000 conveying the property to the Ruby Trust and not to the Whitmans. *Id.* ¶ 21; Ex. 36.

4. In 2005, Cynthia Whitman established the entity Whitewater, LLC, a limited liability company registered in Oklahoma and owned and managed by her. *Id.* ¶ 22; Ex. 37.

5. Cynthia Whitman had checkwriting authority, and wrote checks purportedly from a Whitewater, LLC account. *Id.* ¶ 24; Ex. 39.

6. On November 29, 2005, a Quitclaim Deed was recorded purporting to transfer the Subject Property from the Ruby Trust to Whitewater LLC. *Id.* ¶ 23; Ex. 38.

7. As late as 2008, Michael and Dana Ransford, renters of the Subject Property, wrote their rent checks to "Don & Cindy Whitman." *Id.* ¶ 25; Ex. 40.

/////

---

[6] This relief is in the alternative to the relief sought in Counts Four through Six. Because the court finds that plaintiff is entitled to the relief sought in Count Seven, the court need not address plaintiff's entitlement to relief under Counts Four through Six.

8. On July 20, 2011, Cynthia Cherry, formerly Cynthia L. Whitman, recorded a Quitclaim Deed transferring the Subject Property from Whitewater, LLC, consolidating title to the Subject Property in herself. *Id.* ¶ 26; Ex. 41.

9. On March 4, 2005, the Internal Revenue Service recorded a Notice of Federal Tax Lien in Plumas County against Donald Whitman for unpaid federal income taxes for the tax years 1995 through 2001. *Id.* ¶ 27; Ex. 42 at 2. On June 15, 2006, the Internal Revenue Service recorded Notices of Federal Tax Lien against the Trustees of the Ruby Trust as nominees, alter egos, and/or fraudulent transferees of Donald Whitman and Cynthia Whitman. *Id.* ¶ 27; Ex. 42 at 3-4.

10. On November 14, 2005, the California Franchise Tax Board recorded a Notice of State Tax Lien against Donald and Cynthia Whitman for unpaid state income taxes for the 2001 tax year. *Id.* ¶ 28; Ex. 43 at 2. On April 20, 2010, the California Franchise Tax Board recorded a Notice of State Tax Lien against Donald R. Whitman for unpaid state income taxes for the tax year 2007. *Id.* ¶ 28; Ex. 43 at 3.

11. On February 2, 2012, the Internal Revenue Service recorded a Notice of Federal Tax Lien against Cynthia Cherry, formerly known as Cynthia Whitman, as the nominee or transferee of Donald Whitman with respect to the Subject Property. *Id.* ¶ 27; Ex. 42 at 5.

In an attempt to become "judgment proof," a debtor may transfer his or her interest in property to a trust, relatives, friends or other third parties; or otherwise sell, dispose of or encumber property. When such transfers are fraudulent, a court may avoid the transfer under the Uniform Fraudulent Transfer Act ("UFTA") as enacted in California. Cal. Civ. Code §§ 3439 *et seq*. A transfer is fraudulent under the UFTA if the debtor made the transfer (or incurred the obligation) with "actual intent to hinder, delay, or defraud any creditor of the debtor." *Id*. § 3439.04(a)(1); *see In re Slatkin*, 525 F.3d 805, 814 (9th Cir. 2008)

To determine actual intent, consideration may be given, among other factors, to any or all of the following so-called "badges of fraud": (1) whether the transfer or obligation was to an

"insider" (e.g., a relative); (2) whether the debtor retained possession or control of the property after the transfer; (3) whether the transfer or obligation was disclosed or concealed; (4) whether the debtor was sued or threatened with suit before the transfer was made or obligation incurred; (5) whether the transfer was of substantially all of the debtor's assets; (6) whether the debtor absconded; (7) whether the debtor removed or concealed assets; (7) whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or obligation incurred; (8) whether the debtor was insolvent or became insolvent shortly after the transfer was made or obligation incurred; (9) whether the transfer occurred shortly before or shortly after a substantial debt was incurred. *Id.* § 3439.04(b). The presence of one or more "badges of fraud" may evidence fraudulent intent but does not create a presumption of fraud. *Wyzard v. Goller*, 23 Cal. App. 4th 1183, 1189-91 (1994). Fraud under the California UFTA must be established by a "preponderance of the evidence." *In re Stern*, 345 F.3d 1036, 1043 (9th Cir. 2003).

A transfer is constructively fraudulent if the debtor made the transfer without receiving "reasonably equivalent value" in exchange and the debtor either: (1) was engaged or about to engage in a business or transaction for which the debtor's remaining assets were unreasonably small in relation to the business or transaction; or (2) intended to incur or believed (or reasonably should have believed) that it would incur debts beyond its ability to repay; or (3) was insolvent at the time, or was rendered insolvent by the transfer or obligation. Cal. Civ. Code § 3439.04(a), 3439.05; *see, e.g.*, *In re Lucas Dallas, Inc.*, 185 BR 801, 807–11 (9th Cir. BAP 1995).

In addition to the uncontested allegations in the complaint regarding the fraudulent transfer of the Subject Property to Ruby Trust, which are taken as true on default, including allegations that neither Ruby Trust nor Whitewater LLC paid any consideration for the Subject Property and allegations that the Ruby Trust, Whitewater LLC, and Cynthia Cherry were all fraudulent transferees of Donald and Cynthia Whitman, the United States has put forth evidence that the transfers were fraudulent. This includes evidence of the following: In August 2000,

while the Whitmans' unpaid federal income tax liabilities were accruing, Ms. Cherry (formerly Whitman) caused Ruby Trust to be created, becoming the sole "Certificate Holder" in Ruby Trust. Ex. 33. Further, although documents from the Title Company show Donald and Cynthia Whitman as the buyers of the Subject Property for $150,000 cash, the grant deed conveyed the property to Ruby Trust. Exs. 36-37. The Whitmans continued to enjoy the Subject Property as their own property, and the renters of the Subject Property wrote rent checks to Donald and Cynthia Whitman while other entities held bare legal title to the Subject Property. Ex. 40 at 2-3. Therefore, the allegations in the complaint and the evidence presented by the United States are sufficient to establish that the Ruby Trust, Whitewater LLC, and Cynthia Whitman are fraudulent transferees of Donald and Cynthia Whitman, and those transfers should be set aside and title returned in the name of Donald R. Whitman and Cynthia L. Cherry.

3. Liens Against Property

The United States also seeks a determination and judgment that it has valid liens against all property and rights to property of Donald Whitman and Cynthia Cherry, including but not limited to the Subject Property. Although the motion for default judgment does not specifically address plaintiff's right to this relief, 26 U.S.C. § 7403(a), which this action is brought under, authorizes the government to file a civil action in a district court "to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." Therefore, the United States is entitled to this requested relief.[7]

/////

/////

[7] Although the eighth claim for relief seeks to foreclose federal tax liens against the Subject Property and to obtain an order for judicial sale, Compl. ¶¶ 51-59, and although plaintiff states in a conclusory manner that it seeks "foreclosure of the United States' federal tax liens and a judicial sale of the Subject Property to satisfy the Whitmans' federal tax liabilities," ECF No. 22-1 at 3, 29, because plaintiff's motion for default judgment does not address its entitlement to relief on that claim, plaintiff will not be granted default judgment on its eighth claim for relief.

D. Application of Federal Rule of Civil Procedure 54(b)

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Because the only non-defaulted defendant, the State of California Franchise Tax Board, has now filed a statement of non-opposition to the motion for default judgment, ECF No. 27, the court finds that there is no just reason to delay entry of the default judgment sought herein.

III. CONCLUSION

Based on the foregoing findings, IT IS HEREBY ORDERED that the July 31, 2013 further hearing on plaintiff's motion for default judgment is vacated.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for default judgment, ECF No. 22, be granted in part, as follows:

a. As to Count One of the complaint, default judgment be entered in favor of the United States and against Donald Whitman in the amount of $486,853.17 for Mr. Whitman's 1996 through 2001 individual income tax liabilities, plus accrued statutory interest and additions under 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621 from May 31, 2013;

b. As to Count Three of the complaint, default judgment be entered in favor of the United States and against Donald Whitman in the amount of $2,369.81 for Mr. Whitman's 2004 joint federal income tax liabilities, plus accrued statutory interest and additions under 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621 from May 31, 2013;

c. As to Count Seven of the complaint, the court determine and adjudge that defendants Ruby Trust, Whitewater LLC, and Cynthia Cherry are the fraudulent transferees of Donald Whitman and Cynthia Cherry, and the purported transfers of the Subject Property be set aside and title returned in the name of Donald R. Whitman and Cynthia L. Cherry; and

d. The court determine and adjudge that the United States has valid liens against all property and rights to property of Donald Whitman and Cynthia Cherry, including but not limited to the Subject Property.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE