1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    No.  2:12-cv-2316-MCE-EFB

12                   Plaintiff,

13          v.                                     FINDINGS AND RECOMMENDATIONS

14   DONALD R. WHITMAN; CYNTHIA L.
     CHERRY, formerly known as CYNTHIA
15   L. WHITMAN; WILLIAM RYAN
     FOWLER, in his capacity as Trustee of
16   RUBY TRUST; WHITEWATER LLC;
     STATE OF CALIFORNIA FRANCHISE
17   TAX BOARD,

18                   Defendants.

19

20          This case was referred to the undersigned pursuant to Eastern District of California Local

21   Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for entry of default

22   judgment against Donald R. Whitman and Cynthia L. Cherry, formerly known as Cynthia L.

23   Whitman ("Cherry").  ECF No. 35; *see also* ECF No. 1 (Compl.).  The State of California

24   Franchise Tax Board filed a statement of non-opposition.  ECF No. 36.  The other defendants

25   have failed to file either oppositions or statements of non-opposition, as required by Eastern

26   District of California Local Rule 230.  *See* E.D. Cal. L. R. 230(c).  For the following reasons, the

27   application for entry of default judgment should be granted.

28   /////

                                                   1

1    I.    BACKGROUND

2          On September 10, 2012, the United States filed a complaint against Donald R. Whitman,

3    Cynthia L. Cherry, formerly known as Cynthia L. Whitman, and against Donald R. Whitman and

4    Cynthia L. Whitman jointly to reduce tax assessments to judgment and to foreclose federal tax

5    liens.  Compl., ECF. No. 1.  The complaint also named William Ryan Fowler, in his capacity as

6    Trustee of Ruby Trust, Whitewater LLC, and the State of California Franchise Tax Board as

7    defendants because they may claim some right, title, or interest in the real property that is the

8    subject of this action.  *Id.* ¶¶ 6-8.

9          This court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C.

10   (Internal Revenue Code) §§ 7402 and 7403.  *Id.* ¶ 3.  Venue is proper in this district pursuant to

11   28 U.S.C. § 1396 as defendants' 2004 joint federal income tax return was filed within this judicial

12   district and because the federal tax liabilities at issue arose in this judicial district.  *Id.* ¶ 4.

13         Defendants Donald R. Whitman and Cynthia L. Whitman, also known as Cindy Cherry

14   ("taxpayers") have been assessed, both separately and jointly, with unpaid federal income taxes.

15   *Id.* ¶ 5.  Defendants William Ryan Fowler, in his capacity as Trustee of Ruby Trust; Whitewater,

16   LLC; and State of California Franchise Tax Board were made parties to the action because they

17   may claim some right, title, or interest in the real property that is the subject of this action.  *Id.*

18   ¶¶ 6-8.  The real property that is the subject of this foreclosure action ("Subject Property")

19   consists of six adjoining parcels of real property commonly referred to as "4276, 4304, and 4358

20   Quincy-La Porte Road."  *Id.* ¶ 9.  On August 9, 2000, Donald R. Whitman and Cynthia L. Cherry,

21   then husband and wife, acquired the Subject Property for $150,000 cash and titled the Subject

22   Property in the name of Ruby Trust.  *Id.* ¶ 10.  Ruby Trust paid no consideration for the Subject

23   Property.  *Id.* ¶ 11.  On November 29, 2005, the Subject Property was transferred to Defendant

24   Whitewater LLC.  *Id.* ¶ 12.  Whitewater LLC paid no consideration for the Subject Property.  *Id.*

25   ¶ 13.  Defendants William Ryan Fowler, as Trustee of the Ruby Trust, and Whitewater LLC are

26   alter egos, nominees, or transferees of Defendants Donald R. Whitman and Cynthia L. Cherry,

27   a.k.a. Cynthia Whitman.  *Id.* ¶ 14.

28   /////

2

On February 9, 2012, the Internal Revenue Service recorded Notices of Federal Tax Liens with the Plumas County Clerk and Recorder against Cynthia Whitman, a.k.a. Cindy Cherry as the nominee, alter ego, or transferee of Donald Whitman of the Subject Property for federal income taxes assessed against Donald Whitman, and against Whitewater, LLC as the nominee or transferee of Cynthia Cherry, a.k.a. Cynthia Whitman, of the Subject Property for federal income taxes assessed against Cynthia Cherry, a.k.a. Cynthia Whitman.  *Id*. ¶¶ 15, 17.

Plaintiff's first claim for relief seeks to reduce to judgment federal tax assessments individually against Donald R. Whitman in the amount of $477,224.41 plus statutory interest and other statutory additions that continue to accrue as provided by law.  *Id*. ¶¶ 18-21.  The second claim for relief seeks to reduce to judgment federal tax assessments individually against Cynthia L. Cherry.  *Id*. ¶¶ 23-25.  The third claim for relief seeks to reduce to judgment federal tax assessments jointly against Donald R. Whitman and Cynthia L. Cherry in the amount of $2,324.39.  *Id*. ¶¶ 26-29.  The fourth claim for relief seeks to establish that the Ruby Trust is a sham trust, *id*. ¶¶ 30-36, and the fifth claim for relief seeks to establish that Whitewater, LLC is the alter ego, nominee, or fraudulent transferee of the taxpayers, *id*. ¶¶ 37-42.  The sixth claim for relief seeks to establish that Cynthia Whitman, a.k.a. Cindy Cherry, is the alter ego, nominee, or fraudulent transferee of Donald Whitman.  *Id*. ¶¶ 43-45.  The seventh claim for relief seeks to set aside the fraudulent transfers of the Subject Property.  *Id*. ¶¶ 46-50.  Finally, the eighth claim for relief seeks to foreclose federal tax liens against the Subject Property and to obtain an order for judicial sale. *Id*. ¶¶ 51-59.

On October 18, 2012, plaintiff filed a summons returned executed as to defendant Whitewater LLC, indicating that service was effected on October 3, 2012 by serving Judy Best, as the authorized agent for service on Whitewater LLC.  ECF No. 5.  On November 16, 2012, plaintiff filed a summons returned executed as to defendant William Ryan Fowler, as Trustee of the Ruby Trust, indicating that Mr. Fowler was personally served on November 7, 2012.  ECF No. 8.  On December 4, 2012, plaintiff filed a summons returned executed as to defendant Donald Whitman, indicating that Mr. Whitman was personally served on November 8, 2012.  ECF No. 9.
/////

3

On December 31, 2012, plaintiff filed a summons returned executed as to defendant Cherry, indicating that service was effected on December 6, 2012, by leaving a copy of the complaint and summons at Cherry's dwelling house or usual place of abode at 905 North Pine Street in Truth or Consequence, New Mexico with a person of suitable age and discretion then residing therein (Jerry Trumbull).  ECF No. 12.

All defendants failed to respond to respond to the complaint.  Therefore, on December 4, 2012, plaintiff requested entry of default against Whitewater, Fowler, and Mr. Whitman.  ECF No. 10.  Plaintiff also requested entry of default against Cherry on December 31, 2012.  ECF No. 13.  Default was entered against all defendants.  ECF Nos. 11, 14.

On February 22, 2013, plaintiff moved for default judgment against Cherry on Counts Two and Three of the Complaint.  ECF No. 15.  That motion was granted and default judgment was entered in favor of plaintiff and against Cherry in the amount of $30,937.85 for Cherry's individual income tax liabilities, plus statutory interest from March 1, 2013 (Claim Two), and in the amount of $2,324.39 for Cherry's 2004 joint federal income tax liabilities, plus statutory interest from March 1, 2013 (Claim Three).  ECF Nos. 21, 29, 30.

On June 7, 2013, plaintiff moved for default judgment against Donald Whitman, Whitewater, William Fowler, as Trustee of the Ruby Trust, and Cynthia Cherry.  ECF No. 22.  In that motion, the United States sought default judgment against Mr. Whitman as to Counts One and Three of the complaint.  Plaintiff also sought default judgment against William Ryan Fowler, in his capacity as Trustee of Ruby Trust and against Whitewater, LLC, as to Count Five of the complaint, as these entities are the nominees, alter egos, and/or fraudulent transferees of the Whitmans with respect to the Subject Property.  The United States also requested entry of judgment against Cherry as to Count Six of the complaint, as Cherry is the nominee, alter ego, and fraudulent transferee of Mr. Whitman with respect to the Subject Property.  In the alternative to the relief sought in Counts Four through Six, the United States requested entry of judgment as to County Seven and to set aside the fraudulent transfers of the Subject Property to Ruby Trust, Whitewater, LLC and Cynthia Cherry.  ECF No. 22 at 2-3.

/////

On August 26, 2013, the court granted plaintiff's motion for default judgment in part. *See* ECF Nos. 28, 31. As to Count One of the complaint, default judgment was entered in favor of the United States and against Donald Whitman in the amount of $486,853.17, plus accrued statutory interest from May 31, 2013, for individual income tax liabilities. As to Count Three, default judgment was entered in favor of the United States and against Donald Whitman in the amount of $2,369.81 for Mr. Whitman's 2004 joint federal income tax liabilities, plus accrued statutory interest from May 31, 2013. As to Count Seven of the complaint, the court determined and adjudged that defendants Ruby Trust, Whitewater LLC, and Cynthia Cherry are the fraudulent transferees of Donald Whitman and Cynthia Cherry, and the purported transfer of the Subject Property was set aside and title returned in the name of Donald Whitman and Cynthia L. Cherry. The court also determined and adjudged that the United States has valid liens against all rights to property of Donald Whitman and Cynthia Cherry, including but not limited to the Subject Property.[1] *Id.*

Plaintiff now moves for default judgment against Donald Whitman and Cynthia Cherry as to Count Eight of the complaint, which seeks to foreclose federal tax liens against the Subject Property and to obtain an order for judicial sale. ECF No. 35.

II.   DISCUSSION

A.   Default Judgment Standard

It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[1] The relief sought in Count Seven was in the alternative to the relief sought in Counts Four through Six. Because the court found that plaintiff was entitled to relief on Count Seven, the court did not address plaintiff's entitlement to relief under Counts Four through Six. ECF No. 28 at 11 n. 6.

1    *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary

2    standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v.*

3    *Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v.*

4    *Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

5         As a general rule, once default is entered, the factual allegations of the complaint are taken

6    as true, except for those allegations relating to damages.  *TeleVideo Systems, Inc. v. Heidenthal*,

7    826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded

8    allegations in the complaint are admitted by defendants' failure to respond, "necessary facts not

9    contained in the pleadings, and claims which are legally insufficient, are not established by

10   default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

11        B.    Application of the *Eitel* Factors

12        The court finds that the majority of the *Eitel* factors support entering default judgment

13   against defendants Donald Whitman and Cynthia Cherry.  Both of these defendants have not

14   answered the complaint or otherwise participated in this action, and plaintiff will suffer prejudice

15   if default judgment is not entered.  Specifically, plaintiff's ability to collect the outstanding tax

16   liabilities will be jeopardized if plaintiff is not permitted foreclose on its federal tax liens.

17        Furthermore, the merits of plaintiff's substantive claim, the sufficiency of the complaint,

18   and possibility of a dispute concerning the material facts all favor entry of default judgment.  The

19   IRS has been specifically authorized by Congress to collect outstanding federal tax liabilities.  26

20   U.S.C. §§ 6321, 6322, 6331(a).  In *Phillips v. Commissioner*, 283 U.S. 589, 595 (1931), the

21   Supreme Court held that "[t]he right of the United States to collect its internal revenue by

22   summary administrative proceedings has long been settled."  *See also Commissioner v. Shapiro*,

23   424 U.S. 614 (1976).  Under 26 U.S.C. § 7401, the IRS authorizes the Department of Justice to

24   institute proceedings seeking to collect or recover federal taxes.  Section 7403(a) authorizes the

25   United States to bring a civil action in district court to enforce a federal tax lien where a taxpayer

26   has refused or neglected to pay any federal tax with respect to any such federal tax lien or to

27   subject any property in which the taxpayer has any right, title, or interest to the payment of such

28   federal tax or liability.

1          Section 7403(b) requires the United States to name as defendants in any action brought

2    under § 7403(a) all persons who have liens upon or claim an interest in the property involved in

3    any such action.  26 U.S.C. § 7403.  Section 7403(c) provides that after all parties have been duly

4    notified of any such action brought under § 7403, the court shall proceed to adjudicate all matters

5    involved in any such action and finally determine the merits of all claims to and liens upon the

6    property.  Further, § 7403(c) provides that in all such actions wherein a claim or interest of the

7    United States is established, the court may decree a sale of such property and a distribution of the

8    proceeds of such sale according to the findings of the court as to the interests of the parties and

9    the United States.

10          The court has already entered default judgment in favor of plaintiff and against Cynthia

11   Cherry in the amount of $30,937.85 for Cherry's individual tax liabilities.  The court has also

12   entered default against Cherry in the amount of $2,324.39 for her 2004 joint federal income tax

13   liabilities.  ECF Nos. 21, 29.  Default judgment has also been entered against Donald Whitman in

14   the amount of $486,853.17 for individual tax liabilities and $2,369.21 for his 2004 joint federal

15   income tax liabilities.  Furthermore, the court set aside the fraudulent transfer of the Subject

16   Property to defendants Ruby Trust, Whitewater LLC, and Cynthia Cherry.  Finally, the court has

17   already adjudged that the United States has valid lien against all property and right to property of

18   Donald Whitman and Cynthia Cherry, including but not limited the Subject Property.  ECF Nos.

19   28, 31.  For the same reasons previously relied on by the court, the United States is entitled to

20   foreclose the federal tax liens upon the Subject property and obtain an order of judicial sale of the

21   real property.

22          Furthermore, it is clear that defendants' defaults were not due to excusable neglect.  Both

23   Mr. Whitman and Cherry have been served with the complaint and summons, as well as the

24   instant motion for default judgment and defendants' prior motions for default judgment.  *See* ECF

25   Nos. 9, 12, 15, 22.  Although the amount at stake in this action is significant and there is a strong

26   policy favoring decisions on the merits, those factors do not preclude entry of default.  *See, e.g.,*

27   *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).  Therefore, the

28   court finds that the *Eitel* factors weigh in favor of granting the motion for default judgment.

III.   <u>CONCLUSION</u>

Accordingly, it is hereby RECOMMENDED that:

1.  Plaintiff's motion for default judgment, ECF No. 35, be granted;

2.  As to Count Eight of the complaint, default judgment be entered in favor of the United States and against Donald R. Whitman and Cynthia L. Cherry, and that the United States' tax liens encumbering the real property at issue be foreclosed; and

3.  The court approve plaintiff's proposed order of sale attached to plaintiff's motion for default judgment, ECF No. 35-2.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 4, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE