IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>DONALD R. WHITMAN; CYNTHIA L. CHERRY, formerly known as CYNTHIA L. WHITMAN; WILLIAM RYAN FOWLER in his capacity as Trustee of RUBY TRUST; WHITEWATER, LLC; and STATE OF CALIFORNIA FRANCHISE TAX BOARD,<br><br>             Defendants. | Civil No. 2:12-cv-02316-MCE-EFB<br><br>**ORDER OF SALE** |

Pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court enters this Order of Foreclosure and Decree of Sale.

IT IS HEREBY ORDERED THAT:

    1.    The Court has previously entered Judgment (Docket No. 30) against Cynthia L. Cherry in the amount of $30,937.85 for unpaid individual federal income tax

10457338.1

1 liabilities for 1997 and 1999, and in the amount of $2,324.39 for unpaid joint federal

2 income tax liabilities for 2004, from March 1, 2013, and has entered Judgment (Docket

3 No. 34) against Donald R. Whitman in the amount of $486,853.17 for unpaid individual

4 federal income tax liabilities for 1996 through 2001 and in the amount of $2,369.81 for

5 unpaid joint federal income tax liabilities for 2004, from May 31, 2013.

6     2.    The United States' federal tax liens against Donald Whitman and Cynthia

7 Cherry arising out of the Internal Revenue Service assessment of federal income tax

8 liabilities against Donald Whitman for the tax years 1996 through 2001, Cynthia Cherry

9 for the tax years 1997 and 1999, and Donald Whitman and Cynthia Cherry, jointly, for

10 the tax year 2004, are foreclosed.

11     3.    The United States Marshal for the Eastern District of California, his

12 representative, or an Internal Revenue Service Property Appraisal and Liquidation

13 Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to

14 offer for public sale and to sell the following real property ("the Property") located at

15 4276, 4304, and 4358 Quincy-La Porte Road in Quincy, California and are more

16 particularly described as follows:

17     <u>Parcel 1</u>:
    A portion of the Northwest quarter of the Northeast quarter of Section 9,
18     Township 23 North, Range 10 East M.D.B. & M.

19     Beginning at the North quarter of Section 9; thence East along North line of
    Section 9, 617 feet to a point; thence South 20 degrees 00′ East 675 feet to a point;
20     thence South 8 degrees 30′ East, 904 feet to a point; thence North 75 degrees 00′
    West 250 feet to a point; thence North 33 degrees 00′ West 100 feet to a point;
21     thence North 10 degrees 40′ West 216 to a point; thence North 12 degrees 45′
    West 107.50 feet to the point of beginning; thence North 7 degrees 00′ West 110
22     feet to a point; thence North 57 degrees 00′ East 320 feet to a point on the Quincy-
    La Porte Road; thence Southerly along the Quincy-La Porte Road to a point

10457338.1

which bears North 57 degrees 00' East from the point of beginning; thence South 57 degrees 00' West to the point of beginning (which is also the North line of Lot 9).

Said parcel is also shown in Book 6 of Record of Survey at Page 94 filed February 2, 1983 and referred to as Lot 10, Lands of Banglos.

Parcel 2:
A portion of the Northwest quarter of the Northeast quarter of Section 9, Township 23 North, Range 10 East M.D.B. & M.

Beginning at the North quarter of said Section 9; thence East along the North line of Section 9, 617 feet to a point; thence South 20 degrees 00' East 675 feet to a point; thence South 8 degrees 30' East 904 feet to a point; thence North 75 degrees 00' West 250 feet to a point; thence North 33 degrees 00' West 100 feet to a point; thence North 10 degrees 40' West 216 feet to a point; thence North 12 degrees 45' West 107.50 feet to a point of beginning; thence North 19 degrees 00'West 101.50 feet to a point; thence North 57 degrees 00' East 340 feet to a point on the Quincy-La Porte Road; thence Southerly along the Quincy-La Porte Road to a point which bears North 57 degrees 00' East from the point of beginning; thence South 57 degrees 00' West to a point of beginning, (which is also the North line of Lot 10).

Said parcel is also shown in Book 6 of Records of Survey at Page 94 filed February 2, 1983 and referred to as Lot 11, Lands of Banglos.

Parcel 3:
That portion conveyed in the Deed recorded February 22, 1983 in Book 383 of Official Records at Page 136.

A.P. No: 006-080-002

Parcel 4:
Portion of the NW ¼ of the NE ¼ of Section 9, Township 23 North, Range 10 East, M.D.M., described as follows:

Beginning at the North quarter corner of Section 9; thence East along the North Line of Section 9, 617 feet to a point; thence South 20 degrees 00' East 675 feet to a point; thence South 8 degrees 30' East 904 feet to a point; thence North 33 degrees 00' West 100 feet to a point; thence North 10 degrees 40' West 216 feet to a point; thence North 12 degrees 45' West 107.50 feet to a point; thence North 19 degrees 00' West 101.50 feet to the point of beginning; thence North 7 degrees 00' West 110 feet to a point; thence North 57 degrees 00' East 330 feet to a point on the Quincy La Porte Road; thence Southerly along the Quincy La Porte Road to a

3

10457338.1

point which bears North 57 degrees 00' East from the point of beginning; thence South 57 degrees 00' West to a point of beginning (which is also the North line of Lot 11).

Said parcel is also shown in Book 6 of Record of Survey at page 94 filed February 2, 1983 and referred to as Lot 12, Lands of Miller.

Parcel 5:
That portion conveyed in the Deed recorded February 22, 1983 in Book 838 of Official Records at Page 138.

A.P. No: 006-080-008

Parcel 6:
Portion of the SW ¼ of the NE ¼ and the NW ¼ of the NE ¼ of Section 9, Township 23 North, Range 10 East, M.D.M., described as follows:

Beginning at the North quarter corner of said Section 9; thence East along North line of Section 9, 617 feet to a point; thence South 20°00' East 675 feet to a point; thence South 8°00' East 904 feet to a point; thence North 75°00' West 250 feet to the point of beginning (which is on the North line of Lot 60; thence North 33°00' West 100 feet to a point; thence North 10°40' West 216 feet to a point; thence North 57°00 East 320 feet to a point on the Quincy-La Porte Road; thence Southerly along the Quincy-La Porte Road to a point which bears North 57°00' East from the point of beginning; thence South 57°00' West to point of beginning which is also the North line of Lot 6.

Which Property is also described as follows:

A portion of the Northeast Quarter of Section 9, Township 23 North, Range 10 East, M.D.B. & M., according to the official plat thereof, described as follows:

Those lands as shown on a Record of Survey thereof recorded in Book 6 of Records of Survey at Page 93, which are shown as Lands of "Bonham" Lots 7, 8, and 9.

Excepting therefrom that portion of the Quincy-La Porte Road as described in the Deed executed by Robert W. Bonham and Betty J. Bonham in favor of County of Plumas recorded February 22, 1983 in Book 383 of official records Page 177.

A.P. No: 006-080-003.

4

4. That the United States Marshal for the Eastern District of California, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), are authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale. The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

5. The terms and conditions of the sale shall be:

    a. the sale of the Property shall be free and clear of the interests of Donald R. Whitman, Cynthia Cherry, formerly Cynthia L. Whitman, Ruby Trust, Whitewater, LLC, and the State of California Franchise Tax Board;

    b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

    c. the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

    d. the date and time for sale are to be announced by the United States

10457338.1

1  Marshal, his/her representative, or a PALS representative;

2    e. notice of the sale shall be published once a week for at least four
3  consecutive weeks before the sale in at least one newspaper regularly issued and
4  of general circulation in Plumas County, and, at the discretion of the Marshal,
5  his/her representative, or a PALS, by any other notice deemed appropriate. The
6  notice shall contain a description of the Property and shall contain the terms and
7  conditions of sale in this order of sale;

8    f. the minimum bid will be set by the Internal Revenue Service for the
9  Property. If the minimum bid is not met or exceeded, the Marshal, his or her
10 representative, or a PALS may, without further permission of this Court, and
11 under the terms and conditions in this order of sale, hold a new public sale, if
12 necessary, and reduce the minimum bid or sell to the highest bidder;

13   g. the successful bidder for the Property shall be required to deposit
14 at the time of the same with the Marshal, his/her representative, or a PALS a
15 minimum of ten percent of the bid, with the deposit to be made by certified or
16 cashier's check or cash payable to the United States District Court for the Eastern
17 District of California. Before being permitted to bid at the sale, bidders shall
18 display to the Marshal, his/her representative, or a PALS proof that they are able
19 to comply with this requirement. No bids will be received from any person(s)
20 who have not presented proof that, if they are the successful bidders(s), they can
21 make the deposit required by this order of sale;

22   h. the balance of the purchase price for the Property is to be paid to

the United States Marshal or a PALS (whichever person is conducting the sale) within twenty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Donald R. Whitman and Cynthia L. Cherry at issue herein. The Property shall be again offered for sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash;

    i.    the sale of the Property shall be subject to confirmation by this Court.  The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within thirty days from the date of receipt of the balance of the purchase price;

    j.    on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser;

    k.    on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

    l.    on confirmation of the sale, the recorder of deeds, Fresno County, California, shall cause transfer of the Property to be reflected upon that county's

10457338.1

    register of title; and

    m.    the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

6.    Until the Property is sold, Donald R. Whitman and Cynthia L. Cherry shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy.  They shall neither commit waste against the Property nor cause or permit anyone else to do so.  They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

7.    All persons occupying the Property shall leave and vacate the Property permanently within thirty days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Property is being conducted by a PALS.

Specifically, the United States Marshal (or his/her designee) is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and evict and eject all unauthorized persons located there, including Donald R. Whitman, Cynthia L. Cherry, and any other occupants.  To accomplish this and to otherwise enforce this Order, the United States Marshal shall be authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary.  When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he/she shall relinquish possession and custody of the Property to the Internal Revenue Service, or its designee.  No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees.  Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

    8.    If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

    9.    The proceeds arising from sale are to be paid to the Clerk of this Court

10457338.1

1  and applied as far as they shall be sufficient to the following items, in the order
2  specified:
3      a.    To the United States Marshal or the PALS (whichever person conducted
4  the sale as arranged by the United States) for the costs of the sale;
5      b.    To all taxes unpaid and matured that are owed to Fresno County for real
6  property taxes on the property;
7      c.    To the United States of America for the unpaid individual federal income
8  tax liabilities of Donald R. Whitman for 1996 through 2000, and unpaid individual
9  federal income tax liabilities of Cynthia L. Cherry, formerly Cynthia L. Whitman, for
10  1997 and 1999; and
11      d.    The balance remaining after the above payments shall be held by the
12  Clerk until further motions or stipulations of the parties and by order of the Court.
13      IT IS SO ORDERED.
14  Dated:  April 18, 2014

                                      MORRISON C. ENGLAND, JR., CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT

10457338.1